J-S69019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR ROBERTS | : | |
| | : | |
| Appellant | : | No. 1742 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 29, 2019,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0006215-2018.

BEFORE: SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED JANUARY 31, 2020**

Lamar Roberts appeals from the judgment of sentence imposed following the revocation of his parole. Additionally, Roberts' court-appointed counsel, Patrick J. Connors, Esquire, has filed an application to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Attorney Connors' application, and affirm Roberts' judgment of sentence.

On November 8, 2018, Roberts entered a negotiated guilty plea to resisting arrest. The trial court sentenced him to time served to twenty-three months of incarceration. On May 29, 2019, while Roberts was on parole, he

_____

[*] Retired Senior Judge assigned to the Superior Court.

pleaded guilty to possession of a controlled substance in another criminal case.[1]  The trial court conducted a **Gagnon II**[2] hearing for Roberts' prior offenses, and found Roberts in violation of the terms of his parole.

In the resentencing phase of the **Gagnon II** hearing, Roberts acknowledged his violation of parole, but requested that the trial court impose a sentence with immediate eligibility for work release so that he could work for a landscaping company which agreed to continue his employment through work release.  He additionally asked the court to grant parole after serving 365 days.  The trial court also heard testimony from a representative of the Adult Probation and Parole Department, who recommended that Roberts be recommitted to serve the full back time of his original sentence (526 days),

---

[1] This offense was docketed at CP-23-CR-001682-2019.  Roberts received a probationary term of two years for this conviction.

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).  When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. **Commonwealth v. Ferguson**, 761 A.2d 613 (Pa. Super. 2000).  Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made. **Commonwealth v. Sims**, 770 A.2d 346, 349 (Pa. Super. 2001).  The **Gagnon II** hearing entails two decisions.  First, the court must make a factual determination as to whether the parolee or probationer has, in fact, acted in violation of one or more conditions of his parole or probation. **Id**.  If it is determined that the parolee or probationer did violate the conditions, the court must then decide whether the parolee or probationer be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation. **Id**.

noting that Roberts had been given multiple opportunities while on supervision, but had continuously failed to comply.

The trial court determined that Roberts should be recommitted to serve the full back time of his original sentence, and sentenced him to 526 days of incarceration. The trial court agreed to grant work release after Roberts had served 365 days of incarceration. The trial court ordered the sentence to run concurrently with additional lesser sentences imposed for Roberts' violation of parole in his other criminal cases.[3]

Roberts filed a timely *pro se* notice of appeal.[4] The trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Connors filed a notice of his intent to file an

---

[3] On the same date, Roberts was resentenced for parole violations in three other Delaware County criminal cases: CP-23-CR-002394-2014 (resentenced to 101 days of incarceration); CP-23-CR-005673-2017 (resentenced to 101 days of incarceration); and CP-23-CR-002961-2017 (resentenced to 277 days of incarceration). In this appeal, Roberts presents no challenge to the resentences imposed in the other criminal cases.

[4] Our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). However, while there is no right to hybrid representation, there is a right to appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1138 (Pa. 1993). Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016). The trial court therefore properly docketed the *pro se* notice of appeal and forwarded it to this Court pursuant to Pa.R.A.P. 902 (note), even though Roberts was represented by counsel.

***Anders*** brief. The trial court thereafter filed a Pa.R.A.P. 1925(a) opinion. In this Court, Attorney Connors filed an application to withdraw as counsel and an ***Anders*** brief. Roberts did not file a response to the application or the ***Anders*** brief.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;

>    (3)    set forth counsel's conclusion that the appeal is frivolous; and
>
>    (4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, Attorney Connors has complied with each of the requirements of *Anders*. Attorney Connors indicates that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Connors's *Anders* brief substantially comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, the record includes a copy of the letter that Attorney Connors sent to Roberts, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Connors' intention to seek permission to withdraw. Accordingly, Attorney Connors has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Roberts' appeal is wholly frivolous.

In the *Anders* Brief, Attorney Connors raises one issue for our review:

> Whether the term imposed herein of 526 days of incarceration without eligibility for work release until 365 days has elapsed is

- 5 -

harsh and excessive under the circumstances due to the non-violent nature of the offenses and violations along with Mr. Roberts' stated desire to continue his legitimate employment with a work release program?

***Anders*** Brief at 3 (unnecessary capitalization omitted).

This claim challenges the discretionary aspects of Roberts' sentence. As we have explained, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Id***. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997); ***see also Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

We determine the existence of a substantial question on a case-by-case basis. ***See Commonwealth v. Feucht***, 955 A.2d 377, 384 (Pa. Super. 2008). A substantial question exists only when "the appellant advances a

colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Diehl**, 140 A.3d 34, 44-45 (Pa. Super. 2016) (internal citations and quotation marks omitted).

In the instant case, Roberts filed a timely *pro se* notice of appeal, and preserved his excessiveness claim in a timely post-sentence motion. Additionally, the **Anders** brief includes a Rule 2119(f) statement. As such, Roberts technically complied with the first three requirements to challenge the discretionary aspects of his sentence. **See Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to review the Rule 2119(f) statement to determine whether Roberts has presented a substantial question for our review.

In the Pa.R.A.P. 2119(f) statement, Attorney Connors claims that the trial court should have been more lenient in sentencing Roberts due to the available opportunity he had to remain employed. Attorney Connors argues that the lengthy sentence imposed and its restriction on Roberts' eligibility for work release is harsh and excessive in light of the non-violent nature of his crimes and his chance to maintain gainful employment.

A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question. **See Commonwealth**

*v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002). Thus, we will address Roberts' excessiveness claim.

Attorney Connors indicates that Roberts' excessiveness claim has arguable merit because a more lenient sentence that permits him to remain employed would help him prepare for his return to society and put his time in prison to good use. *Anders* Brief at 9. Specifically, Attorney Connors argues that Roberts' sentence of restrictive incarceration for non-violent offenses is "arguably totally irrelevant to public safety and will only delay his effort to gain any kind of rehabilitation with legitimate employment." *Id*. at 10 (internal quotations omitted).

Nevertheless, Attorney Connors asserts that Roberts' excessiveness claim is frivolous and unsupported by the record. *Id*. at 10. He points out that the trial court had broad discretion in fashioning Roberts' sentence, and that such discretion will not be disturbed unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will. *Id*. (citing *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011)). Attorney Connors submits that the sentence imposed is not manifestly unreasonable, and the record demonstrates no partiality, prejudice, bias, or ill will by the trial court because the trial court followed the recommendation of the Adult Probation and Parole Department, and showed leniency by permitting Roberts to be eligible for work release after serving one year of incarceration.

Parole is the conditional release from jail, prison or other confinement, after actually serving part of the sentence, if the parolee satisfactorily complies with all terms and conditions provided in parole order. *See Commonwealth v. Holmes*, 933 A.2d 57, 59 n.5 (Pa. 2007). A court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment, from which the prisoner could be reparoled. *Id*. (citing *Commonwealth v. Fair*, 497 A.2d 643, 645 (Pa. Super. 1985) (noting that trial courts are bound by the limits of the original sentence in sentencing for a violation of parole)).

Here, the trial court found Roberts' pattern of committing probation and/or parole violations, though technical, to be serious:

> [Roberts] has repeatedly committed acts that constitute technical violations of the terms of his probation and/or parole on cases that date back to 2014. He has been convicted of several new crimes over the years. Most recently, on the day of the *Gagnon II* hearing [in] this matter[,] he entered a negotiated guilty plea to possession of a controlled substance (Case Number 1682-2019) and was sentenced to a two-year term of probation.

Trial Court Opinion, 7/19/19, at 1-2 (formatting altered, footnote omitted).

Having determined that Roberts violated the terms of his parole, the trial court recommitted him to serve the remainder of the original sentence of imprisonment, as the court was required to do upon its finding of a parole violation. *See Holmes*, 933 A.2d at 59 n.5; *see also Fair*, 497 A.2d at 645. Under these circumstances, we cannot conclude that the sentence imposed is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will.

***See Perry***, 32 A.3d at 236.  Therefore, we agree with Attorney Connors' assessment that Roberts' excessiveness claim is, in fact, wholly frivolous.

Finally, as required by ***Anders***, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case.  Our independent review of the record discloses no other non-frivolous issues that Roberts could raise that his counsel overlooked. ***Dempster***, ***supra***.

Having concluded that there are no meritorious issues, we grant Attorney Connors' application to withdraw as counsel, and affirm the judgment of sentence.

Application to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/31/20</u>